UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA MARIN,<br><br>   Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:20-cv-00429-CDB  (SS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 32) |

   Pending before the Court is the motion of Jonathan O. Peña, counsel for Plaintiff, for an award of attorney fees in the amount of $29,553.00.  (Doc. 32).[1]  Defendant filed a response in which he asserts that any order granting the requested award should require counsel for Plaintiff to refund the previously awarded Equal Access to Justice Act (EAJA) fee of $8,500.00. (Doc. 35 p. 4).

   On April 9, 2021, the Court granted Plaintiff's request for judicial review and remanded this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 26).  On remand, Plaintiff was awarded past due Title XVI benefits in the amount of $118,212.00.  (Doc. 32-1 p. 3).

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings in this action and the action was reassigned to the undersigned on June 7, 2023. (Docs. 12, 34).

1    Pursuant to a retainer agreement between Plaintiff and her attorney (Mr. Peña), Plaintiff

2   agreed to pay to her attorney 25 percent of any past-due benefits won as a result of the appeal in

3   this case.  (Doc. 32-2).  The award sought by counsel for Plaintiff in the pending motion equals

4   25 percent of the past due benefits awarded to plaintiff.  *See* Doc. 32 p. 6. Counsel for Plaintiff

5   attests he spent 47.65 hours litigating this case. (Doc. 32 p. 5).

6    42 U.S.C. § 406 (b)(1)(A) provides, in relevant part:

7    > Whenever a court renders a judgment favorable to a claimant under
     > this subchapter who was represented before the court by an
8    > attorney, the court may determine and allow as part of its judgment
     > a reasonable fee for such representation, not in excess of 25 percent
9    > of the total of the past-due benefits to which the claimant is entitled
     > by reason of such judgment[.]
10

11   "The award under § 406(b) of the Social Security Act merely allows the claimant's attorney to

12   collect his or her fee out of the claimant's past-due disability benefits."  *Russell v. Sullivan*, 930

13   F.2d 1443, 1146 (9th Cir. 1991).  However, the 25 percent statutory maximum is not an automatic

14   entitlement; the Court must ensure that the requested fee is reasonable.  *Gisbrecht v. Barnhart*,

15   535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee

16   agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for

17   reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary . . . the

18   attorney for the successful claimant must show that the fee sought is reasonable for the services

19   rendered."  *Id*. at 807.  A "court may properly reduce the fee for substandard performance, delay,

20   or benefits that are not in proportion to the time spent on the case."  *Crawford v. Astrue*, 586 F.3d

21   1142, 1151 (9th Cir. 2009) (en banc).

22    After this Court remanded this case for further proceedings, Plaintiff was found disabled

23   since March 20, 2012, and the Commissioner awarded past due benefits.  The Commissioner

24   withheld from that award $29,553.00, which represented 25 percent of the award, for attorney

25   fees. (Doc. 32-1 p. 3).[2]  The amount requested by counsel here, $29,553.00 represents an hourly

26

27    [2] The Court surmises that Plaintiff's past due benefits total $112,212.00 which represents
     Plaintiff's counsel 25 percent fee arrangement multiplied by four. The Notice of Award does not
28   explicitly refer to the total amount of benefits due and instead informs Plaintiff that her award is
     presently being withheld for possible deductions related to whether she received Supplemental

rate of approximately $620.21 per hour.  (Doc. 32 p. 8).  Counsel did not delay these proceedings, and his representation of Plaintiff was not substandard. Indeed, he successfully represented his client's interests before this court and obtained a favorable outcome.  Based on the risk of loss taken in representing Plaintiff, counsel's experience in the field of Social Security law, and the results achieved in his case, the court finds that the fee request is reasonable. *See Barron v. Comm'r of Soc. Sec.*, No. 2:19-cv-0119-EFB, 2023 WL4848492, at *2 (E.D. Cal. July 28, 2023) (awarding fees at effective hourly rate of $750) (citing cases); *Ramirez v. Kijakazi*, No. 1:20-cv-00515-GSA, 2023 WL 4626643, at *2 (E.D. Cal. July 19, 2023) (awarding fees at effective hourly rate of $672) (citing cases).

An award of Section 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.  Here, Plaintiff's counsel has already been awarded EAJA fees in the amount of $8,500.00. (Doc. 31). Therefore, as Plaintiff's counsel acknowledges, any Section 406(b) fees must be offset by $8,500.00 and refunded to Plaintiff.

### CONCLUSION AND ORDER

For the reasons stated above, the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for Plaintiff's Motion for Attorney's Fees (Doc. 32) pursuant to Section 406(b) is GRANTED.

2. The Commissioner shall certify a payment of a gross award in the amount of $29,553.00 to Plaintiff's counsel, Jonathan O. Peña.

3. Jonathan O. Peña shall refund to Plaintiff Cecilia Marin EAJA fees previously awarded in the amount of $8,500.00.

IT IS SO ORDERED.

Dated:   __October 30, 2023__                    _____
                                                UNITED STATES MAGISTRATE JUDGE

Security Income.